| | |
|---|---|
| AMERICAN GIRL, INC., and <br> AMERICAN GIRL, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL HAMMER, <br> a/k/a GLENN THOMAS HAMMER, <br> d/b/a AMERICAN GIRL DOLL CLOTHES and <br> d/b/a DOLL CLOTHES FOR AMERICAN GIRLS, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No.: 3:04-CV-392-TAV-HBG <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## **MEMORANDUM OPINION**

This civil matter is before the Court on two motions: (1) plaintiffs' Motion for Contempt and Order for Judgment [Doc. 22] and (2) Defendant's Motion Pursuant to FRCP 60(b) for Relief from the Court's April 2009 Judgment [Doc. 29]. In its motion for contempt and order for judgment, plaintiffs request the Court to hold defendant in contempt and grant judgment in their favor for defendant's violation of the consent judgment and permanent injunction entered by the Court on April 19, 2005, pursuant to Rule 70(e) of the Federal Rules of Civil Procedure. Defendant has submitted a response to plaintiffs' motion [Doc. 28], and plaintiffs have replied [Doc. 32]. Defendant's motion requests that the Court grant him relief from the Court's order entered on April 13, 2009 [Doc. 19], awarding plaintiffs $50,000 in liquidated damages for a violation of the

Court's consent judgment [Doc. 10]. Plaintiffs have responded in opposition [Doc. 34], and defendant has replied [Doc. 36].

I.  **Relevant Background**[1]

The underlying dispute between the parties arose from plaintiffs' suit against defendant on August 27, 2004, alleging trademark infringement, unfair competition, and dilution, and seeking injunctive relief. The parties subsequently entered into a settlement agreement and the Court entered a Consent Judgment and Permanent Injunction on April 19, 2005 [Doc. 10]. Under the consent judgment, defendant was permanently enjoined from "using any other mark which so resembles the American Girl Marks, including any name that incorporates the terms 'American' and 'Doll,' as to be likely to cause confusion, deception, or mistake on or in connection with any business name or the advertising, offering for sale, or sale of any goods or services" [*Id.*].

On November 5, 2008, plaintiffs filed a motion for contempt and order for judgment [Doc. 11], alleging that defendant had violated the consent judgment by, among other things, operating stores under the names "American Doll" and "Doll and Doll Clothes" [Doc. 12]. According to plaintiffs' motion, defendant failed to cure his violation of the consent judgment—after receiving notice from plaintiffs—in the time stipulated by the parties' settlement agreement [*Id.*]. Defendant failed to respond to plaintiffs' motion or to appear for the motion hearing scheduled for April 8, 2009. The Court subsequently entered an order granting plaintiffs' motion for order of judgment in

---

[1] Although only discussed to the extent relevant, the Court presumes familiarity with the underlying facts of this case.

2

the amount of $55,500.00, for the balance of unpaid monthly settlements plus liquidated damages under the parties' settlement agreement [Doc. 19]. The Court, however, declined to find defendant in contempt [*Id.*]. The Court further ordered plaintiffs to send defendant a copy of the order to defendant's Hendersonville, North Carolina and Pigeon Forge, Tennessee addresses [*Id.*].

On February 7, 2014, plaintiffs filed the instant motion for contempt and order for judgment, alleging that defendant has persisted in violating the consent judgment [Doc. 22]. Plaintiffs allege that shortly after receiving the letter, dated October 23, 2008, demanding that he cease his infringing activities, defendant shut down his American Doll store in Pigeon Forge, Tennessee, and re-opened it the next day with a new corporate name and with his wife, Mary Moore, as owner [Doc. 23]. Plaintiffs further allege that since the entry of the Court's 2009 order, defendant and his wife have opened five new stores that infringe on plaintiffs' trademark and violate the consent judgment by, among other things, incorporating the words "American" and "Doll" in their business names [*Id.*]. Defendant subsequently filed the motion for relief from judgment [Doc. 29] also before the Court. Defendant alleges that there was a failure of service under Rule 5 of the Federal Rules of Civil Procedure and as a result, he was deprived of due process and any meaningful opportunity to be heard [Doc. 30].

II.   **Analysis**

Although both motions and their responses essentially present the same issues, the Court finds that it will be more beneficial to address the motions in turn.

3

### A. Defendant's Motion for Relief from Judgment [Doc. 29]

Defendant has moved for relief from the Court's 2009 order granting judgment for plaintiffs, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. In support of his motion, defendant argues that he was not served with plaintiffs' previous motion and had no notice of the hearing on the motion or the Court's subsequent order [Doc. 30]. Defendant argues that plaintiffs' failure to serve him properly constituted a violation of his due process rights and should be considered an extraordinary circumstance allowing relief from the judgment under Rule 60(b)(6) of the Federal Rules of Civil Procedure [*Id.*]. Further, defendant contends that he had a meritorious defense to plaintiffs' motion [*Id.*]. In response, plaintiffs argue that service was proper under Rule 5(b) of the Federal Rules of Civil Procedure because the motion was mailed to defendant's last known address—that is, the address at which defendant had confirmed the receipt of plaintiffs' demand letter a week before plaintiffs filed their motion [Doc. 34].

Rule 60(b)(6) of the Federal Rules of Civil Procedure provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any other reason that justifies relief." In the Sixth Circuit, courts apply this catchall provision "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the rule." *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989) (citing *Pierce v. United Mine Workers*, 770 F.2d 449, 451 (6th Cir. 1985)). "The decision to grant Rule 60(b)(6) relief is a case-by-case inquiry that requires the trial court to

4

intensively balance numerous factors, including the competing policies of final judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *McGuire v. Warden, Chillicothe Corr. Inst.*, 735 F.3d 741, 750 (6th Cir. 2013) (quoting *Thompson v. Bell*, 580 F.3d 423, 442 (6th Cir. 2009)) (internal quotation marks omitted). Furthermore, "parties may not use a Rule 60(b) motion as a substitute for an appeal, or as a technique to avoid the consequences of decisions deliberately made yet later revealed to be unwise." *Hopper*, 867 F.2d at 294.

Defendant's major argument in support of his motion for relief appears to be that he was denied due process because plaintiffs failed to serve him properly, and that this denial of due process is an extraordinary circumstance that warrants relief under Rule 60(b)(6) [Doc. 30]. The Court, however, need not decide whether improper service or denial of due process constitute exceptional or extraordinary circumstances as required by Sixth Circuit jurisprudence because the Court finds that plaintiffs' service was proper under Rule 5(b) of the Federal Rules of Civil Procedure. Under the rule, "[a] paper is served . . . by mailing it to the person's last known address—in which event service is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C).

Here, defendant argues that plaintiffs did not mail their motion to the initial address listed on the amended complaint but to the address of his Hendersonville, North Carolina store [Doc. 30]. It is defendant's contention that his Sevierville, Tennessee address—the address listed in the complaint—was his "last known address" and,

5

therefore, that address would have been the proper address for plaintiffs to use in mailing their motion [*Id*.].

The Court is not persuaded by this argument but agrees with plaintiffs that, as of the time of filing plaintiffs' motion, the "last known address" for defendant was the address where he had, just a week before, acknowledged the receipt of correspondence from plaintiffs. This finding is bolstered by the fact that plaintiffs' investigation revealed that defendant no longer resided at the Sevierville, Tennessee address at the time the motion was filed [*See* Doc. 34]. Furthermore, defendant points to no case law to support his position that plaintiffs were required to use the address listed in the complaint when they had reason to believe that defendant no longer resided there. Accordingly, the Court does not find that defendant's due process rights were violated because service was proper under the Federal Rules of Civil Procedure.[2]

Defendant further argues, as grounds for relief from the 2009 judgment, that he had a meritorious defense to plaintiffs' motion [Doc. 30]. The Court does not find that this constitutes an exceptional or extraordinary circumstance to allow relief under Rule 60(b)(6). Additionally, the Court notes that this argument is covered under Rule 60(b)(1), precluding the Court from applying the catchall provision in Rule 60(b)(6). *See Hopper*, 867 F.2d at 294 (holding that Rule 60(b)(6) should only be applied to

---

[2] Defendant also argues that plaintiffs should have personally served him, and that requiring personal service by plaintiffs would not have placed an undue burden on them. The Court is likewise not persuaded by this argument. Plaintiffs complied with Rule 5(b)(2)(C) in their decision to serve defendant via mail, and they were not mandated by the rule to personally serve defendant.

circumstances the first five clauses of the rule do not address). A party seeking relief under Rule 60(b)(1) must show the existence of mistake, inadvertence, surprise, or excusable neglect, *in addition to* demonstrating that he has a meritorious claim or defense. *See Brown v. White*, No. 9603610, 1997 WL 570399, at *2 (6th Cir. Sept. 11, 1997). It is settled that the failure to respond to a motion is not excusable neglect. *See Cacevic v. City of Hazel Park*, 226 F.3d 483, 490–91 (6th Cir. 2000).

In sum, the Court finds that defendant has failed to show grounds for relief from the Court's order granting judgment to plaintiffs. Defendant's motion will, therefore, be denied.

### B. Plaintiffs' Motion for Contempt and Order for Judgment [Doc. 23]

Plaintiffs have moved for an order for judgment against defendant for violating the consent judgment entered by the Court on April 19, 2005 [Doc. 23]. In support of this motion, plaintiffs allege that defendant, in addition to operating two stores that already violate the consent judgment, has since opened five new stores that also violate the terms of the consent judgment [*Id.*].[3] In response, defendant argues that plaintiffs' interpretation of the scope of the permanent injunction and the consent judgment is wrong [Doc. 28].[4] Particularly, defendant argues that the consent judgment does not

---

[3] The Court notes that these new stores were all opened in defendant's wife's name [*see* Doc. 23]. However, because the scope of the consent judgment encompasses defendant's agents, employees, representatives, and affiliates, [*see* Doc. 10], the Court will treat the new stores as falling within the reach of the consent judgment and permanent injunction.

[4] Defendant's response also raises the defense that defendant was deprived of due process because he was not properly served. Because this Court has previously discounted this argument, the Court will not revisit it here.

7

impose a "per se" ban on the use of the words "American" and "Doll" [*Id.*]. Rather, the injunction only prohibits defendant from using those words in any manner that is "likely to cause confusion, deception or mistake" [*Id.*]. Plaintiffs' reply argues that while defendant incorrectly interprets the prohibition contained in the consent judgment, the Court is not required to revisit its previous determination of the scope of the consent judgment under the law of the case doctrine [Doc. 32].

"Under the law of the case doctrine, findings made at one point in the litigation become the law of the case for subsequent stages of the same litigation." *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994) (citing *United States v. Bell*, 988 F.2d 247, 250 (6th Cir. 1993)). The law of the case doctrine applies when a court either expressly or impliedly decides an issue. *See id*. This doctrine "dictates that issues, once decided, should be reopened only in limited circumstances, e.g., where there is 'substantially different evidence raised on subsequent trial; a subsequent contrary view of the law by the controlling authority; or a clearly erroneous decision which would work a manifest injustice.'" *Id*. (citations omitted). "Applying the law of the case doctrine to a court's prior ruling is a discretionary tool meant to promote judicial efficiency." *Wike v. Vertrue, Inc.*, No. 3:06-00204, 2010 WL 3447756, at *6 (M.D. Tenn. Aug. 30, 2010) (citation omitted). "Nevertheless, a court's power to reach a result inconsistent with a prior decision reached in the same case is 'to be exercised very sparingly, and only under extraordinary conditions.'" *Id*. (quoting *In re Kenneth Allen Knight Trust*, 303 F.3d 671, 678 (6th Cir. 2002)).

By finding in favor of plaintiffs in its 2009 order, the Court, although not rendering a detailed opinion, necessarily found that defendant's use of the words "American" and "Doll" in the name of his stores violated the consent judgment [*See* Doc. 19]. Particularly, the Court stated that "[u]pon consideration of the motion and the evidence submitted therewith, argument of counsel, and applicable law, the Court finds that the Motion for an Order of Judgment is well taken and should be granted" [*Id*.]. Accordingly, absent a showing of one of the limited exceptions to the law of the case doctrine by defendant, the Court is not required to revisit or overturn its prior decision. *See Moored*, 38 F.3d at 1421.

Here, defendant's five new stores complained about in plaintiffs' motion all incorporate the words "American" and/or "Doll" in their names. Furthermore, defendant has not alleged any facts or produced any evidence to show the existence of such extraordinary conditions as would require the Court to circumvent the established law of the case. As such, the Court's previous finding that defendant's use of the words "American" and "Doll" in the name of his stores violates the consent judgment is applicable here.[5] Therefore, the Court finds that defendant is in violation of the consent judgment and will grant plaintiffs' motion for an order of judgment in the amount of

---

[5] Because the Court finds that the issue of whether defendant's use of "American" and "Doll" violates the consent judgment has been previously decided, the Court does not reach defendant's argument on likelihood of confusion.

$300,000.00, which represents liquidated damages pursuant to the parties' settlement agreement.[6]

Finally, the plaintiffs have also moved the Court to find defendant in contempt for his violations of the consent judgment. "A litigant may be held in contempt if his adversary shows by clear and convincing evidence that 'he violated a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order.'" *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 591 (6th Cir. 1987) (quoting *SEC v. First Fin. Grp. of Tex., Inc.*, 659 F.2d 660, 669 (5th Cir. 1981)). The Court notes, however, that the decision to hold a party in contempt is within its discretion. *See id*. Upon review of the record, the Court will decline to hold defendant in contempt without prejudice to plaintiffs to renew the motion, if it becomes necessary at a later date.

## III. Conclusion

For the reasons stated above, defendant's motion for relief from judgment [Doc. 29] will be **DENIED**. Plaintiffs' motion for order of judgment [Doc. 22] will be **GRANTED** and judgment will be entered in favor of plaintiffs and against defendant in the amount of $300,000.00, which represents liquidated damages pursuant to the parties'

---

[6] This total includes the amount outstanding from the Court's previous order, [*see* Doc. 19], as well as the amount accumulated by defendant's present violations. The record indicates that defendant has already paid the outstanding balance of $5,500 from the parties' settlement agreement, which was also ordered payable to plaintiffs in the Court's 2009 order. That amount is, therefore, not included in this judgment.

settlement agreement. Plaintiffs' motion for an order of contempt [Doc. 22] will be **DENIED**, without prejudice to plaintiffs to renew the motion.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE